# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHELISA THOMAS, as NEXT FRIEND FOR MINORS J.B., J.R.H., and J.H.H., <br><br>Plaintiffs, <br><br>v. <br><br>TERRACAP SC PARTNERS L.P., AMERICAN MANAGEMENT SERVICES CENTRAL, LLC, SHADOW CREEK LLC, and KANDY L. ROSS, <br><br>Defendants. | Case No. 4:19-cv-00986-SRB |

## **ORDER**

Before the Court is Plaintiff's Motion for Remand (Doc. #8). For the reasons stated below, Plaintiff's motion is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

## I. BACKGROUND

On September 24, 2019, Plaintiff Shelisa Thomas, as Next Friend for J.B., J.R.H., and J.H.H. (collectively, "Plaintiffs") filed a petition[1] in the Circuit Court of Jackson County, Missouri, seeking relief for personal injuries arising from a fire that took place on June 19, 2014. (Doc. #1-1). Plaintiffs were occupants of a multifamily, three-story apartment building that caught fire. According to Plaintiffs' complaint, at all times relevant to this action Defendants Terracap SC Partners, L.P. ("Terracap"), American Management Services Central, LLC

---

[1] The Court will hereinafter refer to this initial pleading as "complaint" in order to correspond with the terminology used in the Federal Rules of Civil Procedure.

("AMSC"), and Shadow Creek, LLC ("Shadow Creek") owned, managed, and/or operated the Shadow Creek apartment complex where the fire occurred, and Defendant Kandy Ross ("Ross") served as the on-site complex manager. Plaintiffs allege there were no working smoke alarms or fire warning systems on site in violation of the 2012 International Fire Code and relevant Kansas City ordinances. (Doc. #1-1, ¶¶ 11–12). Plaintiffs' complaint raises two state-law causes of action: (1) Count I: Negligence; and (2) Count II: Negligence Per Se.

On December 9, 2019, Defendants Terracap and AMSC jointly removed this action to federal court pursuant to federal diversity jurisdiction. Terracap and AMSC contend there is complete diversity between the parties because Terracap and AMSC are not citizens of Missouri, and Shadow Creek and Ross were fraudulently joined. Plaintiffs subsequently filed a motion to remand, arguing no diversity jurisdiction exists because not all parties are diverse. Plaintiffs also argue that removal was improper because two of the four defendants did not join in or consent to the removal as required under 28 U.S.C. § 1446(b).

## II. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]" Section 1332(a)(1) requires complete diversity, which means "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437

U.S. 365, 373 (1978) (emphasis in original). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Svcs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012). The Eighth Circuit has articulated the below fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). As we recently stated in [*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (emphasis in original) (footnote omitted).

The *Filla* standard for determining fraudulent joinder is distinct from the standard under Federal Rule of Civil Procedure 12(b)(6) for determining failure to state a claim. Under *Filla*, a court's fraudulent joinder analysis is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts

3

involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Junk*, 628 F.3d at 445 (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, the *Filla* standard is less "demanding" on a plaintiff than the 12(b)(6) standard is. *See Knnudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law or fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

## III. DISCUSSION

The parties do not dispute that complete diversity of citizenship exists between Plaintiffs, who are Missouri citizens, and Defendants Terracap[2] and AMSC,[3] who are not. In opposing remand, Terracap and AMSC argue that Plaintiffs fraudulently joined Ross[4] and Shadow Creek, LLC to their state-court action to defeat diversity jurisdiction. Terracap and AMSC also argue that Ross's and Shadow Creek, LLC's fraudulent joinder makes their consent to removal under

---

[2] Terracap SC Partners is a limited partnership and its citizenship is determined by that of its partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990). Per Defendants' Notice of Removal, Terracap's general partner is Terracap SC Developers, Inc., a Delaware corporation with its principal place of business in Ontario, Canada. (Doc. #1, ¶ 9). Terracap's limited partners are Terracap SC US Investors LP, Terracap SC Investors LP, and Global Connecticut Properties, Inc., and Defendants state none of those limited partners are Missouri citizens. (Doc. #1, ¶ 9).

[3] AMSC is a limited liability company and its citizenship is determined by that of its members. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Per Defendants' Notice of Removal, AMSC's sole member is Pinnacle Property Management Services, LLC. Pinnacle Property Management Services, LLC's sole member is Pinnacle Real Estate Partners, LLC, whose members are comprised of various individuals and partnerships, none of which are Missouri citizens. (Doc. #1, ¶ 10).

[4] All parties agree, for purposes of diversity jurisdiction, that Ross is a Missouri citizen.

4

§ 1446(b)(1) unnecessary. Plaintiffs argue that they raise justiciable claims against Ross under Missouri law, but do not address or respond to Defendants' argument that Shadow Creek was fraudulently joined.

**A. Defendant Kandy Ross**

Ross was the on-site complex manager at the time of the fire underlying Plaintiffs' case. In arguing that Ross was fraudulently joined, Defendants contend that "Plaintiffs fail to assert any allegations toward separate Defendant Ross" in their complaint and "allege no facts indicating the involvement of Defendant Ross in the events giving rise to this lawsuit[.]" (Doc. #11, p. 3). Plaintiffs disagree, stating they are entitled to relief under a theory of negligence and that Missouri law permits an employee to be held personally liable to a third party under factual circumstances similar to those presented in this case.

"A negligence claim requires proof of: (1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Nickel v. Stephens Coll.*, 480 S.W.3d 390, 400 (Mo. App. W.D. 2015) (citation omitted). Under Missouri law, an individual employee can be held personally liable to a third party when (1) the employee "has or assumes full and complete control of his employer's premises" or (2) the employee "does not have complete control of the premises . . . but breaches some duty which he owes" to the third party. *Augustine v. Target Corp.*, 259 F.Supp.2d 919, 921 (E.D. Mo. 2003) (quoting *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. App. E.D. 1992)). "The test is whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." *Kyger*, 831 S.W.2d at 956.

Based on the causes of action raised, the Court finds that Plaintiffs' joinder of Defendant Ross is not fraudulent because "there is arguably a reasonable basis for predicting that the state

5

law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. In opposing remand, Terracap and ASMC insist that Plaintiffs' "bare-bones" complaint fails to allege facts indicating Ross exercised control over the apartment complex in a manner that could impose liability as articulated under *Kyger*. (Doc. #11, p. 3). Terracap and ASMC also contend that Plaintiffs do not plead any specific or independent duties owed by Ross outside of her role as the on-site complex manager. However, all of Defendants' arguments challenge the sufficiency of the factual allegations Plaintiffs' put forth in their complaint, which in substance are arguments that relate to the Rule 12(b)(6) standard. The fraudulent joinder standard under *Filla* asks whether applicable state precedent "precludes the existence of a cause of action" against the non-diverse defendant. *Filla*, 336 F.3d at 810. In turn, the issue is not whether Plaintiffs' factual allegations are sufficient to survive dismissal, but whether they state a colorable cause of action against Ross, *i.e.* a cause of action that is "reasonable," even if "speculative." *Id.* at 811 n.10 (citations omitted). In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive state law in the plaintiff's favor." *Id.* at 810.

After reviewing the cases cited by both parties, the Court finds that Plaintiffs state a colorable cause of action against Ross. Plaintiffs allege their injuries arise from a fire at the Shadow Creek apartment complex where Ross served as the on-site property manager. Plaintiffs also allege "Defendants"—including Ross—"owed Plaintiffs the duty to use ordinary care in maintaining the subject premises [and] common areas" and that Defendants violated that duty through the enumerated acts and omissions detailed in the complaint, including failing to inspect, repair, and maintain the premises and failing to properly educate tenants on fire prevention and safety measures. (Doc. #1-1, ¶¶ 18–19). Terracap and AMSC argue that basic principles of Missouri landlord/tenant law preclude Ross from being found liable, citing for support *Medley v.*

*Joyce Meyer Ministries, Inc.*, 460 S.W.3d 490, 496–97 (Mo. App. E.D. 2015), *Stephenson v. Countryside Townhomes, LLC*, 437 S.W.3d 380, 386 (Mo. App. E.D. 2014), and *Lemm v. Gould*, 425 S.W.2d 190, 195 (Mo. 1968). However, neither *Medley*, *Stephenson*, or *Lemm* hold that a non-owner of the premises where a tenant was injured is immune from liability. Instead, those cases demonstrate that liability for a claimant's injury can be imposed onto a non-owner of the premises if that non-owner exercised a sufficient amount of possession and/or control. Based on the causes of action Plaintiffs raise and the nature of the acts and omissions contained in their complaint, the Court finds there is a reasonable basis for predicting that Missouri law might impose liability against Ross. *See Filla*, 336 F.3d at 810 ("If there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.").

Given this Court's determination that Defendant Ross was not fraudulently joined, her citizenship must be considered in this Court's evaluation of whether it has subject-matter jurisdiction. Since Plaintiffs and Ross are Missouri citizens, complete diversity does not exist between the parties. This Court therefore lacks subject-matter jurisdiction and must remand the case.[5]

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion for Remand (Doc. #8) is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>February 4, 2020</u>

---

[5] Since Ross destroys diversity jurisdiction, it is not necessary for this Court to evaluate whether Shadow Creek, LLC was also fraudulently joined or whether removal without the consent of Ross or Shadow Creek, LLC was proper.